O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCAL GENERAL CONTRACTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY; ACE USA, <br><br> Defendants. | Case No. CV 09-06134 DDP (RCx) <br><br> **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |

The Court orders Defendant Ace American Insurance Company ("Defendant") to show cause why this case should not be remanded for lack of subject matter jurisdiction. Plaintiff AMCAL General Contractors, Inc. ("Plaintiff") filed suit in California Superior Court against Defendant, Ace USA, and Does 1-100, asserting purely state law claims. Plaintiff alleges it is a California corporation with its principal place of business in California. (Notice of Removal; Ex. 1 ¶1.) Plaintiff further alleges that Defendant and Ace USA are both Pennsylvania corporations. (Ex. 1 ¶¶ 2, 5.)

Defendant filed its notice of removal on August 21, 2009, asserting that this Court has diversity jurisdiction pursuant to 28

U.S.C. §§ 1332.  In its notice of removal, Defendant asserts that Ace USA was fraudulently joined to prevent removal, because it is not a Pennsylvania corporation, but rather "a non-entity with no corporate existence and therefore is a sham defendant . . . ." (Notice of Removal ¶ 5.)

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court.  28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).  The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendant's assertion that Ace USA was fraudulently joined– despite the fact that Plaintiff alleged it to be a Pennsylvania corporation, which would not have presented an impediment to removal– raises concerns with the Court that complete diversity of citizenship may not in fact exist with respect to Ace USA.

The Court orders the parties to file cross-briefs, not to exceed five pages, within 20 days of the date of this Order, to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction.  The Court will interpret

///

///

///

either party's failure to file such motion as consent to remand.

IT IS SO ORDERED.

Dated: September 18, 2009

                                      DEAN D. PREGERSON
                                      United States District Judge