O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCAL GENERAL CONTRACTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY; ACE USA, <br><br> Defendants. | Case No. CV 09-06134 DDP (RCx) <br><br> **ORDER DENYING DEFENDANT ACE AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), OR IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS [FRCP 12(c)]** <br> [Motion filed on September 8, 2009] |

This matter comes before the Court on a motion to dismiss for failure to state a claim filed by Defendant Ace American Insurance Company ("Defendant"). After reviewing the materials submitted by the parties and hearing oral argument, the Court is inclined to deny the motion and adopt the following order.

**I.  BACKGROUND**

    **A.  Factual History**

On October 10, 2005, Plaintiff AMCAL General Contractors, Inc. ("Plaintiff") entered into a contract with Parati of California, Inc. ("Parati"), a subsidiary of Parati Company, LLC. The contract provided that Parati would provide services as consulting

engineers, surveyors, and planners for the construction of a residential project located at 6205 48th Avenue in Sacramento, California. (First Amended Complaint ("FAC") ¶ 15.) Pursuant to the contract, Parati agreed to provide surveying and engineering services, including construction staking along Stockton Boulevard and 48th Avenue. (Id. ¶ 16.) The contract provided that Parati would conduct surveying of off-site improvements and that the survey would show the edge of pavement, drainage-ditch, spot elevations, and utilities along Stockton Boulevard and 48th Avenue. (Id.)

Parati was insured under certain "errors and omissions" policies (the "Policies") issued by Defendant to Parati's parent company, Parati Company, LLC. (Id. ¶ 8.) Parati paid all of its premiums due on the Policies. (Id. ¶ 10.) Plaintiff alleges that Defendant was "familiar with Parati's business and assumed the duty of providing full coverage for Parati's business." (Id. ¶ 14.)

Plaintiff alleges that in January 2007, Parati negligently performed its surveying and engineering services by, for example, improperly staking and engineering the off-site base and asphalt work, committing errors in design with respect to as-built drawings and final improvement plans. (Id. ¶ 17.)

Following Parati's negligent engineering and surveying, Plaintiff made a demand for indemnification to Defendant based on the policies, because it believed that Parati was insolvent and defunct. (Id. ¶¶ 18-19.) Defendant denied that the Policies provided coverage and rejected Plaintiff's demand for indemnification. (Id. ¶ 19.) On July 24, 2008, Plaintiff secured

a default judgment (the "Judgment") in the amount of $186,604.29 against Parati.

### B. Procedural History

On July 20, 2009, Plaintiff filed its FAC against Defendant and Ace USA in Los Angeles County Superior Court alleging a single cause of action against Defendant under California's direct action statute, Cal. Ins. Code § 11580(b)(2), seeking to recover its judgment against Parati under the Policies.

On September 8, 2009, Defendant filed this motion to dismiss for failure to state a claim. Defendant argues that Plaintiff "seeks to recover on a judgment for its economic loss and therefore fails to state a claim for a direct action against [Defendant] pursuant to California Insurance Code Section 11580, which applies only to a judgment <u>in an 'action based upon bodily injury, death, or property damage</u>." (Mot. 7:16-21 (emphasis in original).) Plaintiff counters that its underlying judgment against Parati is based upon the property damage caused by Parati's negligent engineering and surveying. (Opp. 9:24-27.)

## II. LEGAL STANDARD

### A. Motion to Dismiss: Fed. R. Civ. P. 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most

3

favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).

A court need not accept as true conclusory allegations or allegations stating a legal conclusion. <u>In re Stac Elecs. Sec. Litig.</u>, 89 F.3d 1399, 1403 (9th Cir. 1996); <u>Iqbal v. Ashcroft</u>, 129 S.Ct. 1937, 1940-41 (2009) ("mere conclusions[] are not entitled to the assumption of truth."). A court properly dismisses a complaint on a Rule 12(b)(6) motion based upon the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under the cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). That is, the plaintiffs' obligation requires more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 1964-65.

**B.   Direct Action Statute: Cal. Ins. Code § 11580.**

Section 11580 of the California Insurance Code provides that a policy insuring against loss or damage resulting from liability for injury suffered by another person "issued or delivered to any person" in California must provide "that whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." Cal. Ins. Code § 11580(a)(1) & (b)(2). The purpose of the statute "is to protect an injured person when an insured tortfeasor is insolvent." <u>Webster v. Superior Court</u>, 46 Cal.3d 338, 346 (1988).

4

## III. DISCUSSION

Defendant argues that dismissal is warranted because Plaintiff "has failed to establish that it obtained a judgment for property damage, which is a required element in order to recover under Insurance Code section 11580." (Mot. 10:20-23.) Defendant contends that the underlying judgment in this case "resulted from a purely economic loss based on Parati's alleged breach of contract rather than from either bodily injury or property damage." (Mot. 13:8-12.)

### A.   Request for Judicial Notice

In support of its motion, Defendant asks the Court to take judicial notice of (1) various documents from the underlying action against Parati, including the underlying Complaint, First Amended Complaint, the "Brief Summary of the Case in Support Pursuant to California Rules of Court, Rule 3.1800(a)(1) in Support of [Plaintiff's] Request for Default Judgment," and two declarations submitted in support of Plaintiff's application for default judgment, (Def.'s Request for Judicial Notice Exs. 1-5); and (2) the Policies issued by Defendant to Parati Corp. LLC (Milbauer Decl. Exs. A & B)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court generally "may not consider any material beyond the pleadings." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Two exceptions exist to the requirement that

5

consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion: material properly submitted as part of the complaint and material subject to judicial notice under Federal Rule of Evidence 201. <u>Lee</u>, 250 F.3d at 688-89. Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered on a 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119 (9th Cir. 2002).

Additionally, a district court may take judicial notice of "matters of public record," <u>see</u> FED. R. EVID. 201(b), without converting a motion to dismiss into a motion for summary judgment. <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986). A court may not, however, take judicial notice of a fact that is subject to reasonable dispute. For example, a court may take judicial notice of the undisputed matters of public record, i.e., the fact that hearings and prior proceedings took place, and what was said in those proceedings, but it may not take judicial notice of disputed facts stated in public records for their truth. <u>Lee</u>, 250 F.3d at 690.

The Court grants Defendant's request for judicial notice, as the documents from the underlying action against Parati and the Policies are documents whose contents are alleged in the FAC and whose authenticity no party questions. <u>Branch</u>, 14 F.3d at 454.

///

///

**B. Analysis**

Defendant argues that Plaintiff's direct action against it fails to satisfy the requirements of section 11580(b)(2) of the California Insurance Code for two reasons: (1) the Policies were not "issued or delivered" in California, and (2) the economic losses alleged by Plaintiff in the underlying action did not constitute property damage. The Court addresses each argument in turn.

### 1. The Policies

Defendant argues that the Policies were issued by Defendant, a Pennsylvania corporation, to Parati Corp. LLC, which is located in Oregon. (Mot. 20:4-15.)

This argument is unavailing. The Policies expressly list Parati of California, Inc. as an additional insured. (Milbauer Decl. Ex. A at 18; Ex. B at 50.) Based on the contract between Parati and Plaintiff, which was attached to the First Amended Complaint in the underlying action, it appears that Parati of California, Inc.'s business address is located in California.

The purpose of section 11580 is to ensure that when a California insured becomes bankrupt or insolvent, the victims of its torts are nonetheless able to recover for their injuries. Defendant has presented no authority in support of its proposition that the applicability of section 11580 hinges on the location where the Policies were actually conveyed, rather than the place where the insured resides. Such an interpretation of section 11580 would be contrary to its plain language indicating that it applies to insurance policies "issued . . . to any person in this state." Cal. Ins. Code § 11580. Defendant cannot reasonably dispute that

7

the policies at issue were issued to Parati of California, Inc., a business entity located in the state of California.

### 2. The Underlying Judgment

Alternatively, Defendant argues that even if the Policies fall within the ambit of section 11580(b)(2), the underlying judgment secured by Plaintiff was not based upon property damage. The Court is not persuaded by Defendant's argument.

The first page of the First Amended Complaint in the underlying action indicates that it is a suit for "property damage" and "other damages: contract." (Def.'s Request for Judicial Notice Ex. 2 at 1.) The First Amended Complaint indicates that Parati's "[e]rrors in topographic survey, design and staking of on-site curbs and gutters" necessitated, among other things, "additional excavation off-site; on-site asphalt excavation due to curbs/gutter errors . . . ." (Id. at 5.) It also states that Parati's "errors and omissions caused resulting injury to property and damage to plaintiff." (Id. at 4.) Further, the Brief Summary of the Case indicates that Parati made "errors in design and staking of on-site curbs and gutters resulting in their being set too high and requiring additional asphalt and excavation work to compensate." (Def.'s Request for Judicial Notice Ex. 3 at 3:23-26.)

Under California law, defective construction may give rise to an action based upon property damage. See, e.g., Geddes & Smith, Inc. v. St. Paul-Mercury Indem. Co., 51 Cal.2d 558, 565 (1959) ("[T]he presence of defective plaster on the walls and ceilings [of the house] reduced the value of the building and constituted property damage.") (internal quotation marks and citation omitted);

8

1 | <u>Garamendi v. Golden Eagle Ins. Co.</u>, 116 Cal. App. 694, 708 (2004)
2 | (underlying judgment against contractor for faulty construction
3 | enforced against insurer under section 11580); <u>San Diego Housing</u>
4 | <u>Com'n v. Industrial Indem. Co.</u>, 95 Cal.App.4th 669, 677 (2002)
5 | (affirming judgment against insurer under § 11580(b)(2) where
6 | underlying judgment for property damage was based on construction
7 | defects).

The cases cited by Defendant in support of its argument involve claims that patently have nothing to do with real property and thus do not stand for a contrary result. See, e.g., <u>Xebec Dev.</u> <u>Partners Ltd. v. Nat'l Union Fire Ins. Co.</u>, 12 Cal. App. 4th 501 (1993) (holding underlying action for wrongful diversion of funds that had been assigned for research and development purposes "patently was not based upon bodily injury, death, or property damage" within the meaning of § 11580(b)(2)), <u>overruled on other</u> <u>grounds by</u> <u>Essex Ins. Co. v. Five Star Dye House, Inc.</u>, 38 Cal.4th 1252, 1265 n.4 (2006); <u>Giddings v. Industrial Indem. Co.</u>, 112 Cal. App. 3d 213, 219 (1980) (holding purely economic losses stemming from misappropriation of corporate assets "do not constitute damage or injury to tangible property covered by a comprehensive general liability policy").

///
///
///

**IV.  CONCLUSION**

    For the foregoing reasons, the Court denies Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: October 20, 2009

                                  DEAN D. PREGERSON
                                  United States District Judge